IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN ZESIGER,

    Plaintiff,

v.

ANGELA KAY ZESIGER,

    Defendant.

Case No. 25-4055-DDC-RES

## MEMORANDUM AND ORDER

On June 5, 2025, plaintiff Bryan Zesiger filed a Complaint asking the court to "[p]reempt improper state court actions[.]" Doc. 1 at 1. Those allegedly improper actions arise from a state court suit filed by plaintiff's ex-wife—Angela Kay Zesiger, defendant here. *Id.* Defendant's state court proceedings against plaintiff "involve[] the post-divorce enforcement of military retirement benefits." Doc. 8 at 2. Plaintiff also filed a Motion for Temporary Restraining Order (Doc. 8) and a Motion for Leave to Supplement Exhibits in Support of Temporary Restraining Order (Doc. 12). The court takes up these two motions here, denying both. The court begins with the legal standard for granting a temporary restraining order (TRO).

Because plaintiff appears pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of plaintiff's advocate. *Id.*

    **I.**    **Legal Standard Temporary Restraining Order (Doc. 8)**

A party seeking a TRO must show: (1) that he's substantially likely to succeed on the merits; (2) that he will suffer irreparable injury if the court denies the requested relief; (3) that his

threatened injury without the restraining order outweighs the opposing party's injury under the restraining order; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).

A plaintiff seeking preliminary relief must make a "clear and unequivocal showing" on all four requirements. *Colorado v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021) (quotation cleaned up). And, in our Circuit, when "the failure to satisfy one factor is dispositive, a court need not consider the other factors" for preliminary relief. *Id.* at 890 (declining to consider the remaining factors where plaintiffs failed to show irreparable harm). The decision whether to issue "a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court." *Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906 (D. Kan. 1995).

## II.     Analysis

The court concludes plaintiff is unlikely to succeed on the merits of his claim. That's so because it's likely that one of two abstention doctrines—*Younger* or *Rooker-Feldmen*—precludes the court from exercising jurisdiction here. *See Schwab v. Kansas*, 691 F. App'x 511, 514 (10th Cir. 2017) ("[T]he district court did not abuse its discretion in holding that there was little or no likelihood of success on the merits because the claims were barred on the ground of abstention under *Younger*[.]"); *Culbertson v. Billam*, No. 25-4049-JAR-TJJ, 2025 WL 1368846, at *4 (D. Kan. May 12, 2025) (concluding that either *Younger* abstention or *Rooker-Feldman* doctrine likely applied such that court likely lacked jurisdiction and if "the Court lacks jurisdiction, it forecloses any finding of substantial likelihood of success on the merits" (quotation cleaned up)).

First, if the state court proceeding is ongoing, it's likely that the *Younger* abstention doctrine precludes this court's jurisdiction. "In *Younger v. Harris*, the Supreme Court ruled that a

federal district court's injunction of a pending state court criminal prosecution violated 'the national policy of forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" *Weber v. Colorado*, No. 24-cv-02880-PAB, 2024 WL 5238903, at *4 (D. Colo. Dec. 27, 2024) (quoting 401 U.S. 37, 41 (1971)).  "[C]ourts may address *Younger* abstention sua sponte." *Tereza v. Garland*, No. 21-CV-0438-CVE-SH, 2021 WL 5510243, at *1 (N.D. Okla. Nov. 24, 2021) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("[A]bstention may be raised by the court Sua Sponte.")).  "For *Younger* abstention to apply, there must be: (1) 'an ongoing state judicial . . . proceeding,' (2) 'the presence of an important state interest,' and (3) 'an adequate opportunity to raise federal claims in the state proceedings.'" *Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022) (ellipses in original) (quoting *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

      Here, based on the limited record before the court, it appears there is an ongoing state court case.  *See* Doc. 8 at 1 ("Defendant . . . is actively litigating this matter in the 140th Judicial District Court of Lubbock County, Texas . . . . the Texas judge is preparing to issue a ruling before June 30[.]").  And the dispute centers on a couple's post-divorce economic relationship, which implicates important state interests. *Alfaro v. County of Arapahoe*, No. 18-cv-00737-MSK-SKC, 2018 WL 4577253, at *3 (D. Colo. Sept. 25, 2018) ("Tenth Circuit authorities have acknowledged that ongoing domestic relations matters involving divorce . . . implicate an important state interest, and thus they normally will be sufficient basis for *Younger* abstention."), *aff'd*, 766 F. App'x 657 (10th Cir. 2019); *Braverman v. New Mexico*, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *25 (D.N.M. Oct. 19, 2011) ("The Supreme Court has held [that] . . . 'while rare instances arise in which it is necessary to answer a substantial federal

question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.'" (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004))).  Finally, plaintiff hasn't shown the state court is an inadequate forum.  *See Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) ("As a general matter, [state] law does not bar federal constitutional claims . . . and no particular reason appears why the objections advanced here could not be given fully adequate consideration in the state courts." (quotation cleaned up)); *Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("The question is whether that challenge can be raised in the pending state proceedings subject to conventional limits on justiciability. . . . Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").  Thus, if the state court case is ongoing, *Younger* abstention likely requires this court to refrain from exercising jurisdiction here.

But if the state court case has concluded when this Order issues, then the *Rooker-Feldman* doctrine applies.  *See Alfaro*, 2018 WL 4577253, at *3 ("[T]o the extent it has subject matter jurisdiction, it is appropriate for this Court to abstain from exercising it.  [For] final orders, the *Rooker-Feldman* doctrine applies.  [For] orders not yet final, the *Younger* abstention doctrine applies.").  The *Rooker-Feldman* doctrine "bars . . . lower federal courts from engaging in appellate review of state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1279–80 (10th Cir. 2012).  That is, the doctrine "precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotation cleaned up).  Plaintiff's requested relief in his TRO motion "inextricably intertwine[s]" with any state-court judgment that may have issued in the

4

state court case.  *Id.*  He asks the court to "immediately enjoin[] Defendant Angela Zesiger, [h]er Texas legal counsel, and [t]he 140th Judicial District Court of Lubbock County, Texas from issuing any orders, judgments, or enforcement actions relating to Plaintiff's military retirement benefits[.]"  Doc. 8 at 2–3.  So, to the extent that plaintiff seeks review of a state court judgment, this court may not take such action—"it would clearly be in the capacity of a reviewing court and therefore squarely prohibited under the *Rooker-Feldman* doctrine."  *Culbertson*, 2025 WL 1368846, at *3.

At bottom, the court's review of the record suggests that it must abstain from exercising jurisdiction based either on *Younger* abstention or the *Rooker-Feldman* doctrine.  And when "the Court lacks jurisdiction, it forecloses any finding of substantial likelihood of success on the merits."  *Id.* at *4 (quotation cleaned up).  Plaintiff thus fails to satisfy the first requirement for a temporary restraining order, and the court needn't consider the other factors.  *See Colorado*, 989 F.3d at 890.

The court thus denies plaintiff's motion for injunctive relief and for a hearing.  Having reached this conclusion, the court also denies plaintiff's Motion for Leave to Supplement Temporary Restraining Order (Doc. 12) as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Temporary Restraining Order (Doc. 8) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Supplement Temporary Restraining Order (Doc. 12) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 3rd day of July, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
