IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **BRYAN ZESIGER,** <br><br> Plaintiff, <br><br> v. <br><br> **ANGELA KAY ZESIGER,** <br><br> Defendant. | Case No. 25-4055-DDC-RES |

**MEMORANDUM AND ORDER**

      Pro se plaintiff Bryan Zesiger asks this court to intervene in an ongoing state court case involving the post-divorce division of military retirement benefits. Defendant Angela Kay Zesiger, plaintiff's ex-wife, brought a state court action in Texas to modify the couple's 2011 divorce decree so that she could secure a portion of plaintiff's military retirement benefits. Plaintiff contends the Texas state court rulings violate federal military retirement benefit law. He asks this court to "issue declaratory and injunctive relief barring any state court from modifying or clarifying the 2011 Final Divorce Decree[.]" Doc. 1 at 8. And he requests that the court "enjoin any attempt to retroactively assign or clarify a military retirement division[.]" *Id.* He also notes that he's "under active threat of contempt and incarceration" and so he seeks a declaratory judgment that "[s]tate court orders or contempt threats . . . are void or unenforceable[.]" *Id.* at 6, 7. Finally, he wants the court to enjoin defendant from further state court action involving military retirement pay. *Id.* at 8.

      Plaintiff filed an Emergency Motion for Temporary Restraining Order (TRO) (Doc. 8), which the court denied. Doc. 14 at 5. The court explained that plaintiff was unlikely to succeed

on the merits of his claim because the court likely would abstain from exercising its jurisdiction under either the *Rooker-Feldman* or *Younger* abstention doctrines. *Id.* Plaintiff later filed two more TRO motions, each including a preliminary injunction (PI) motion, as well. Doc. 18; Doc. 29. The court denied the second TRO motion on the same basis as the first but left the PI portion of the motion pending. Doc. 24. The third TRO/PI motion also remains pending. Defendant, also proceeding pro se, has filed a Motion to Dismiss where she argues that the court lacks jurisdiction and that the case isn't ripe. Doc. 15 at 1.

The court concludes it must abstain from exercising jurisdiction under *Younger* and thus dismisses this case. It explains its conclusion, below. But first, it explains why the other identified basis for abstention—the *Rooker Feldman* doctrine—doesn't apply here.

**I.      Rooker-Feldman**

The court's earlier Order suggested that the *Rooker-Feldman* doctrine might require the court to abstain from exercising jurisdiction. Doc. 14 at 4. Later filings have made it clear, however, that the state court case is ongoing. *See, e.g.*, Doc. 29 at 1 ("Plaintiff has filed a Notice of Appeal to the Seventh Court of Appeals in Amarillo, Texas, *which remains pending*." (emphasis added)). And Tenth Circuit precedent is unequivocal that "*Rooker-Feldman* applies only to suits filed after state proceedings are final." *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006); *see also Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *2 (10th Cir. May 19, 2025) ("[A] state proceeding is not final if an appeal to a state appellate court or a petition for writ of certiorari to the state supreme court is pending."); *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) ("Federal jurisdiction is not barred by the *Rooker-Feldman* doctrine if suit was filed before the end of the state courts' appeal process." (quotation cleaned up)). With a pending state court appeal, *Rooker-Feldman* is inapplicable here.

The court thus turns to the other grounds it identified that might require it to abstain from exercising jurisdiction: *Younger* abstention.

## II. *Younger* Abstention

"*Younger* requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016). But it only requires abstention in those "'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Indeed, the Supreme Court has "stressed" that "[c]ircumstances fitting within the *Younger* doctrine . . . are 'exceptional[.]'" *Sprint*, 571 U.S. at 73. And so, "the possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of" three categories. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (emphasis in original). Those categories include: "(1) state criminal prosecutions, (2) civil enforcement proceedings that take on a quasi-criminal shape, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* (quotation cleaned up). Courts refer to these as the *Sprint* categories. *Bivings v. Paprzycki*, No. 25-1171, 2025 WL 3687800, at *2 (10th Cir. Dec. 19, 2025).

### A. *Sprint* Categories

Courts applying *Younger* thus must address—as a threshold matter—whether a case falls into one of the three *Sprint* categories. *Travelers Cas. Ins.*, 98 F.4th at 1317. Only after crossing that threshold can the court proceed to the second tier of the *Younger* analysis—"the so-called *Middlesex* conditions." *Id.*; *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–35 (1982). Indeed, our Circuit's recent *Younger* decisions make clear that it

will reverse abstention premised on *Younger* where a district court has skipped over the *Sprint* categories and jumped straight to *Middlesex*'s conditions. *See Covington*, 2025 WL 1448661, at *5–6; *see also Bivings*, 2025 WL 3687800, at *2 ("The district court erred by failing to consider whether the underlying Colorado state court cases fell within the *Sprint* categories."); *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *4 (10th Cir. July 22, 2025) ("We therefore conclude that the district court erred by failing to determine whether the underlying domestic relations case had fallen into a *Sprint* category."), *cert. denied*, No. 25-6231, 2026 WL 189804 (U.S. Jan. 26, 2026). The reversals in *Covington* and company emphasize that the *Sprint*-categories analysis is mandatory. Just as important, *Covington*—in particular—provides more helpful guidance about the categories' contours.

In *Covington*, plaintiff asserted claims under 42 U.S.C. §§ 1981 and 1983 against four defendants—her ex-husband, a county social worker, a county director of human services, and a child legal representative—all of whom had participated in an underlying state domestic relations case. 2025 WL 1448661, at *1. She alleged that her ex-husband had abused their children physically. *Id.* at *2. And she alleged that the other defendants had worked to keep that information from the state court—falsifying evidence, fabricating evidence, presenting perjured testimony, and failing to convey the abuse to the state court—all affecting the custody arrangements. *Id.* The defendants thus allegedly had violated plaintiff's Fourteenth Amendment right to parental and to familial association, as well as her due process and equal protection rights, among other claims. *Id.* Our Circuit concluded that the "state domestic relations proceedings here do not fit the *Sprint* categories, so *Younger* is inapplicable." *Id.* at *5.

The Circuit reasoned that the "first category does not apply because the state case is not a criminal prosecution. [And the] second category does not apply because the domestic relations

4

proceedings are not civil enforcement proceedings brought by state actors against private parties . . . [nor are the proceedings] akin to a criminal prosecution[.]" *Id.* (quotation cleaned up). The third category didn't apply, either. The state court order implicated by the federal case didn't "lie at the core of the administration of the State's judicial system" or "implicate the state's contempt process, or other processes by which the State compels compliance with the judgments of its courts." *Id.* (quotation cleaned up). Nor did the implicated order "ensure that state courts c[ould] perform their functions[.]" *Id.* Instead, it was "merely the output of those functions." *Id.* Because none of the three *Sprint* categories applied, the district court had erred in abstaining under *Younger*. And so, the Circuit reversed and remanded. *Id.* at *6.

Our Circuit reached the opposite conclusion and applied *Younger* in another recent opinion, *Gladstone v. Owens*. No. 25-1345, 2025 WL 3441796, at *5 (10th Cir. Dec. 1, 2025). Gladstone alleged that a Colorado state court judge had violated his due process and equal protection rights when the judge issued a no-contact order without handling the evidence properly. *Id.* at *1. Specifically, Gladstone alleged that the judge didn't have clear evidence to issue the order; had disregarded evidence favorable to Gladstone; had suppressed evidence; had permitted perjury; and had coerced Gladstone into therapy with unfit providers. *Id.* Gladstone also alleged that a second state court judge—when presiding over a separate property dispute—had violated his right to a jury trial with "improper procedural actions." *Id.*

On appeal, Gladstone argued that *Younger* abstention didn't apply because his case didn't "fit into one of the three exceptional categories of cases that warrant *Younger* abstention." *Id.* at *5 (quotation cleaned up). The Circuit disagreed. It explained "that the third [*Sprint*] category is present when a federal case involves requests to directly or indirectly thwart state court compliance processes." *Id.* (quotation cleaned up). So, where "the relief requested from the

5

federal court would enjoin or otherwise interfere with ongoing state proceedings[,]" *Younger* requires abstention. *Id.* Gladstone's attempt to vacate the no-contact parenting order issued by the first judge and stay the partition proceedings involving the second judge "would unquestionably interfere with ongoing state proceedings." *Id.* So, the Circuit concluded, the district court didn't abuse its discretion by applying *Younger*.

This case aligns more closely with *Gladstone* than *Covington*, and thus it satisfies *Sprint*'s third category. Plaintiff here theorizes that the state court's actions conflict with federal law governing military retirement benefits. So, he asserts, the "conflicting state court orders or demands are preempted and unenforceable." Doc. 1 at 4. He thus asks the court to "bar[] any state court from modifying or clarifying" the parties' divorce decree and to "enjoin any attempt to retroactively assign or clarify a military retirement division[.]" *Id.* at 8. He explains that the state court has "demanded financial compliance" and, because plaintiff can't comply, he "is under active threat of contempt and incarceration[.]" *Id.* at 7. He thus asks the court to declare that "[s]tate court orders or contempt threats purporting to compel" compliance "are void and unenforceable under federal law." *Id.* at 4. And he predicts that "any retaliatory action taken by the Texas court post-filing, including contempt, incarceration, or sanctions . . . may necessitate a future injunction or declaratory relief[.]" *Id.* at 7.

Recall that "the third [*Sprint*] category is present when a federal case involves requests to directly or indirectly thwart state court compliance processes." *Gladstone*, 2025 WL 3441796, at *5 (quotation cleaned up). And the "'contempt power lies at the core of the administration of a State's judicial system[.]'" *Elna Sefcovic*, 953 F.3d at 672 (quoting *Juidice v. Vail*, 430 U.S. 327, 335 (1977)). Plaintiff's requests here plainly "attempt to enjoin ongoing state proceedings." *Id.* at 671 (quotation cleaned up). That is, the relief he seeks would enjoin and interfere with the

state court's ability to modify its divorce decree, enforce its orders, and implement its contempt mechanisms. Interfering with ongoing state proceedings by constraining the state court's jurisdiction over the divorce decree and its orders, as well as hindering its contempt powers, falls squarely into *Sprint*'s third category.

To be sure, plaintiff tries to restrain not just the state court, but also defendant. He asks that the court prevent defendant from "[f]iling or pursuing enforcement actions in state court related to Plaintiff's military retirement" and from "[r]equesting contempt proceedings[.]" Doc. 1 at 4. And he requests that the court "permanently enjoin defendant from pursuing further action in state court related to federal military retirement pay[.]" *Id.* at 8 (quotation cleaned up). But those claims targeting defendant—instead of the state court—don't rescue plaintiff's case from *Younger* abstention. That's just a backdoor run-around aimed to accomplish the same purpose: preventing the state court from enforcing its orders to clarify the divorce decree and award defendant with military retired pay. *See* Doc. 29-1 at 1–2 (explaining the state court's October 20, 2025, order clarified the decree of divorce and the state court's November 18, 2025, order required plaintiff to pay defendant retired military pay). In other words, by targeting defendant, plaintiff just seeks to "indirectly thwart state court compliance processes." *Elna Sefcovic*, 953 F.3d at 671. Such indirect attempts also trigger *Younger*. *Id.*

So, the court concludes plaintiff's requests for relief "implicate a State's interest in enforcing the orders and judgments of its courts," thus qualifying for *Younger* abstention under the third *Sprint* category. 571 U.S. at 72–73. With that conclusion, the court moves on to the second tier of the *Younger* analysis—the *Middlesex* conditions. *Travelers Cas. Ins.*, 98 F.4th at 1317 ("If and only if the state court proceeding falls within one of the enumerated 'exceptional'

7

types of cases, may courts analyze the propriety of abstention under the so-called *Middlesex* conditions." (emphasis omitted)).

B.     The *Middlesex* Conditions

The *Middlesex* conditions consider "whether there exists '(1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.'" *Id.* (quoting *Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022)). Start with the first condition.

1.     **Ongoing State Judicial Proceeding**

As noted earlier, a later filing in this case clarifies that plaintiff here has appealed the state court's decision to the Seventh Court of Appeals in Amarillo, Texas. *See* Doc. 29 at 1. And plaintiff represents that the appeal "remains pending." *Id.* Indeed, plaintiff supplemented that filing with documentary evidence of his state court appeal. *See* Doc. 31 at 3–5. These filings satisfy the first *Middlesex* condition.

2.     **Important State Interest**

The second condition asks whether a couple's post-divorce economic relationship—as defined by a state court divorce decree—involves important state interests. It does. *See, e.g.*, *Gladstone*, 2025 WL 3441796, at *5 (finding plaintiff's attempt to vacate no-contact custody order "undoubtedly implicate[s] important state interests" because it's "'well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife[.]'" (quoting *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005))); *Bonjorno v. Asher*, No. 24-04111-HLT-BGS, 2025 WL 2374148, at *7 (D. Kan. Aug. 14, 2025) ("States have an important interest in the health and relations of families."); *Braverman v. New Mexico*, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *25 (D.N.M. Oct. 19, 2011) ("The Supreme Court has

8

held [that] . . . 'while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.'" (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004))).

What's more, a case that implicates "the functioning of the state judicial system" also "evidence[s] the state's substantial interest in the litigation." *Middlesex*, 457 U.S. at 432. And, as the court's discussion of the *Sprint* categories demonstrated, this case asks the federal court to intervene in the state court's ability to enforce its orders and employ its contempt mechanisms. Thus, both the subject matter and the nature of the relief plaintiff requests suggest important state interests are at stake. With the second *Middlesex* condition thus fulfilled, only one remains.

### 3. Adequate Opportunity

The final *Middlesex* condition requires that the state proceedings provide "an adequate opportunity to raise federal claims[.]" *Travelers Cas. Ins.*, 98 F.4th at 1317. Again, this case satisfies the condition. "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotation cleaned up). "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Id.* (emphasis in original). And a plaintiff "bears the burden of showing the state court was an inadequate forum for his federal claims." *Watson v. Missouri*, No. 15-9930-JAR-JPO, 2016 WL 1359868, at *5 (D. Kan. Apr. 6, 2016) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)), *aff'd*, 668 F. App'x 840 (10th Cir. 2016).

The Texas state district and appellate court forums provide plaintiff the opportunity required under *Middlesex* to raise his claims. *See Gladstone*, 2025 WL 3441796, at *5 ("[T]he Colorado state court proceedings offer Gladstone an adequate opportunity to litigate any federal

constitutional issues that may arise[.]"). Indeed, plaintiff objected in the state district court by proffering many of the same arguments he makes here. *See* Doc. 30-1 at 4 (arguing in state court objection, as plaintiff does in this case, that the state court's order is "pre-empted and unenforceable"); *id.* (explaining in state court objection that the "issues raised in [the state court] enforcement proceeding are currently before the United States District Court for the District of Kansas . . . a pending federal case *addressing the same federal pre-emption questions*" (emphases added)). And plaintiff has the opportunity to raise these same arguments at the state appellate level, as well. *See Escalante v. Escalante*, No. 23-2176-KHV-TJJ, 2023 WL 11872502, at *3 (D. Kan. Aug. 30, 2023) ("For purposes of *Younger*, the fact that plaintiff could have raised his constitutional claims on appeal in the state courts is sufficient to establish the state court as an adequate forum."). Plaintiff's opportunities in state court thus satisfy the final *Middlesex* condition. And so, this case meets all the requirements for *Younger* abstention.

### C. Applying *Younger* Abstention

"*Younger* abstention is non-discretionary, and the district court must abstain once the conditions are met, absent extraordinary circumstances." *Courthouse News Serv.*, 53 F.4th at 1256 (quotation cleaned up). *Younger* identified such extraordinary circumstances to include "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 54 (1971). "A court that finds *Younger* applies must dismiss without prejudice any actions for injunctive or declaratory relief." *Bonjorno*, 2025 WL 2374148, at *6. Finding no extraordinary circumstances, the court dismisses this action for injunctive and declaratory relief without prejudice

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is dismissed. It directs the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

**Dated this 25th day of February, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

11